**William Robert BROWN et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42977.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Oct. 21, 1970.

Sneed, Vine, Wilkerson & Selman by Forrest N. Troutman, Austin, for appellants.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

William Robert Brown was charged by complaint filed in Wheeler County with felony theft of an automobile, and in two cases with the offense of burglary. He made bond in each case in the sum of $10,000.00 with United Bonding Insurance Company as surety and was taken to Amarillo where other charges were pending.

The bonds reflect that they were taken and approved the 24th day of March, 1966.

Indictment for the offense of felony theft alleged in the complaint was returned in the District Court of Wheeler County in Cause No. 3077. Burglary indictments were returned in Cause Nos. 3079 and 3080.

The cases being called on November 14, 1966, the defendant Brown failed to appear and the court, in each case, pursuant to Art. 22.02 Vernon's Ann.C.C.P. as amended, pronounced in open court and on January 3, 1967, ordered entered on the Judgment Minutes "to ministerially reflect the judgment of this Court theretofore entered," judgment nisi forfeiting the bail bonds, and ordering that the state recover from William Robert Brown, as principal, and United Bonding Insurance Company, as surety, jointly and severally, the sum of $10,000.00, and that the judgment be made final unless good cause be shown why said Defendant did not appear.

Citation containing the requisites of Art. 22.04 V.A.C.C.P. was served. United Bonding Insurance Company, surety on the bond, filed answer; requested a jury trial; paid the jury fee and filed amended answer. Oral depositions were taken and filed.

The state filed motion for summary judgment. (Rule 166–A Texas Rules of Civil Procedure.) United Bonding Insurance Company filed response in opposition.

After having heard and considered the motion, the evidence in support thereof and having considered and read all plead-

ings on file and the depositions taken, the court by order dated October 9, 1969, and signed by the trial judge on January 15, 1970, found that no issue of fact was presented for determination; that the state was entitled to a summary judgment, and that the judgment nisi should be made final.

The appeal in the above numbered cause in this court is from the judgment entered in the District Court of Wheeler County in Cause No. 3077 making final the judgment nisi and adjudging and decreeing that the state recover from the principal Brown, and from United Bonding Insurance Company as surety, the sum of $10,000.00 and all costs of suit; that execution be issued and that the judgment draw interest at the rate of six percent from date.

The principal, William Robert Brown, did not appeal.[1]

Art. 22.13 V.A.C.C.P. provides in part: "The following causes, and no other,[2] will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

"1. That the bond is, for any cause, not a valid and binding undertaking in law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any. If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability. If it be valid and binding as to the principal, but not so as to the sureties, if any, the principal shall not be exonerated, but the sureties, if any, shall be."

Appellant's First and Second Points of Error present the contentions that the pleadings and depositions on file, which were made a part of the record in the

trial court and are included in the complete transcript filed in this court:

(1) "affirmatively reflect that genuine issues of material fact exist on whether or not appellee entered into a bail bond agreement on March 24, 1966."

(2) "affirmatively reflect that genuine issues of material fact exist on whether or not the person who tendered the bond *of* the Sheriff of Wheeler County, Texas, was the agent of appellant."

The evidence relied on by appellant in support of his points of error includes the following. "The bail bond which has been ordered forfeited by the trial court in this case makes its first appearance in Wheeler County, Texas, on the 19th or 20th day of March, 1966. After William Robert Brown, the defendant, had been arrested in Amarillo, Texas, he was delivered to Deputy Sheriff Doyle Ramsey at the Wheeler County jail on March 18, 1966. Thereafter, on the 19th or 20th day of March, 1966, an attorney by the name of Brooks Holman presented himself to Deputy Ramsey seeking the release of the defendant, William Robert Brown. At this time, Mr. Holman had asked Deputy Ramsey to approve the bonds, *which had already been executed* by the defendant, William Robert Brown. Deputy Ramsey did not approve the bonds. When Mr. Holman failed to get approval of the bonds, a few days later he informed the Sheriff of Wheeler County, Texas, that a lawsuit would be filed against him in the event he refused to approve the bonds. After Sheriff Dorman had a conversation with the then District Attorney of Wheeler County, a Mr. Bill Waters, the bonds were approved on March 25, 1966, and back dated to March 24, 1966."

■ The deposition evidence reflects that the bail bonds were filled out by Brown's counsel and were signed and executed by an authorized agent of United Bonding Insurance Company. The bonds

---

1. Appeals by the surety in the burglary cases are before this court in 458 S.W.2d 192 and 458 S.W.2d 189.

2. Neither of the other causes which will exonerate is shown or pleaded.

"Signed and dated the ___ day of March, 1966," were signed by the principal before being presented to and finally approved by the Deputy Sheriff. Brown obtained his release from custody under the Wheeler County charges by virtue of such bonds.

There is no variance between the bonds and the judgments nisi as to the date the bonds were approved. Evidence to the effect that the Deputy Sheriff did not endorse the bonds he was directed by the Sheriff to approve until the morning of March 25, 1966, on which date the principal Brown was delivered to the custody of officers of another county, would not raise a "genuine issue of a material fact" and a finding that the bonds were not executed on March 24, 1966, would not exonerate the principal or his surety, the bonds having been previously executed and delivered to counsel for the principal to secure the principal's release, and having been used for such purpose.

Whether the person who tendered the bonds for approval was the agent of the surety is not material.

■ Appellant's remaining point of error complains that: "The Trial Court Erred in granting the motion for summary judgment of the Appellee herein because the citation was not issued forthwith notifying appellant that the bond had been forfeited."

Art. 22.03 V.A.C.C.P. provides:

"Upon entry of judgment, a citation shall issue forthwith notifying the sureties of the defendant, if any, that the bond has been forfeited, and requiring them to appear and show cause why the judgment of forfeiture should not be made final."

The judgment nisi was entered of record on January 3, 1967, but citation was not issued until January 7, 1969.

No harm to the principal or his surety by the failure to issue citation at an earlier date was alleged or shown. No authority is cited to support the contention "that as a matter of law the appellee's case should be dismissed."

In the absence of any material fact issue raised by the pleadings and depositions which, if resolved by a jury in favor of the surety, would defeat the state's motion for summary judgment, the court did not err in granting the state's motion.

The judgment is affirmed.

Rehearing Denied Oct. 21, 1970.

Sneed, Vine, Wilkerson & Selman, by Forrest N. Troutman, Austin, for appellants.

Jim D. Vollers, State's Atty., Austin, for the State.